UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARKEL AMERICAN INS. CO.

CIVIL ACTION

VERSUS

NO. 06-603-JJB-DLD

STURGON L. COCKRELL

## RULING ON MOTION TO DISMISS COUNTERCLAIM

This matter is before the court on Markel American Insurance Company's Motion to Dismiss (doc. 15) Counterclaim for Failure to State a Claim for Relief and for Failure to Join a Party under Rule 19, or in the Alternative, Motion for Judgment on the Pleadings.  The Defendant, Sturgon Cockrell, has filed an opposition (doc. 20).  Oral argument is not necessary on this issue.  Jurisdiction exists pursuant to 28 U.S.C. § 1331.

## Procedural Background

The Plaintiff, Markel American Insurance Company (hereinafter "Markel") issued a Watercraft Insurance Policy to the Defendant for a recreational vessel. Under the terms of the Policy, any claim for property loss or damage was excluded from coverage if the operator had a blood alcohol level in excess of the legal limit at the time of the accident.  On May 6, 2006, Cockrell was driving the boat and the boat crashed.  Cockrell disputes that he had an illegal blood alcohol level at the time of

1

the accident.

Markel filed a Complaint for Declaratory Relief (doc. 1) against Cockrell. Markel asks the court to declare: (1) that any claim by the Defendant for property loss or damage to the insured vessel is excluded from coverage under the policy; and (2) that Markel has no obligation to indemnify the Mr. Cockrell for any punitive or exemplary damages, penalties, or costs as a result of the boating accident.  Mr. Cockrell filed an Answer and Counterclaim (doc. 10) where he denies being intoxicated at the time of the accident and makes a demand for damages to the insured vessel under the insurance policy.

## Motion to Dismiss for Failure to State a Claim

### A.    Legal Standard

A motion to dismiss for failure to state a claim may be granted when the complaint fails to state a legally cognizable claim.  Fed. R. Civ. P. 12(b)(6).  The complaint must be liberally construed in favor of the plaintiff.  In deciding whether to grant a motion to dismiss for failure to state a claim, a district court must accept the facts of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff.  *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Until recently, federal courts followed the principle established in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for

2

failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), the Supreme Court clarified that plausibility was also required. The Court noted that *Conley*'s "no set of facts" rule was "an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969.

Accordingly, this Court will apply the Supreme Court's recent pronouncement that the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. If the plaintiff has "not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.*

### B.    Analysis

In liberally construing the counterclaim in favor of the non-moving party, this court must resolve any ambiguities or doubts as to the sufficiency of the counterclaim in favor of Mr. Cockrell. *Fernandez-Montes,* 987 F.2d at 284. In this case, Mr. Cockrell has alleged that he had an insurance policy with Markel covering the vessel; that the vessel was totally destroyed; and that Markel refused to pay any damages to Mr. Cockrell under the policy.[1] Furthermore, in his Answer, Mr. Cockrell denied driving the boat at a high rate of speed and/or having a blood alcohol

---

[1] *See* Cockrell's Answer and Counterclaim (doc. 10) at 4.

concentration above the legal limit at the time of the accident.[2]  Assuming all of these allegations to be plausible, Mr. Cockrell has pled a sufficient set of facts to support a cause of action for damages under his insurance policy.  Therefore, the motion to dismiss for failure to state a claim will be denied although the Plaintiff is free to file for summary judgment at a later date.

## Motion to Dismiss for Failure to Join a Party under Rule 19

### A.    Legal Standard

Pursuant to Rule 19, a party shall be joined if the person's absence makes complete relief between the existing parties improbable, impairs the absent person's interest, or leaves the current parties subject to a substantial risk of multiple suits.  Fed. Rule Civ. Pro. 19(a).  The purpose of this rule is to "protect the interests of absent persons as well as those already before the court."  Wright, Miller, and Kane, FEDERAL PRACTICE AND PROCEDURE § 1602.  Whether a party is "indispensable. . . can only be determined in the context of particular litigation." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968).

### B.    Analysis

The parties in the instant action have failed to sufficiently brief the issues

---

[2] *Id.* at 3.  *See also*, Hygrade Investment, Inc. v. Leonard, 197 So. 2d 702, 703 (La. App. 4th Cir. 1967) (holding that a denial for lack of knowledge and information has the same effect as a denial).

under Rule 19.   Specifically, it is unclear to the court whether Mississippi[3] or Louisiana[4] law governs this dispute given that the accident in question took place in Louisiana.  The parties have cited to non-binding cases which do not even address the issue of joinder, and the parties have failed to show how their interests and/or the interests of Key Bank are impaired by Key Bank's absence in the present litigation.

Therefore, the parties are ordered to brief the following issues:

(1) whether Mississippi or Louisiana law governs this dispute;

(2) whether a mortgagee is an indispensable party in an insurance action containing a loss payable clause; and

(3) whether the interests of Key Bank and/or the parties are impaired by Key Bank's absence.

## Judgment on the Pleadings

As previously indicated, the pleadings are insufficient.  Therefore, judgment on the pleadings will be denied.

Accordingly, Markel American Insurance Company's motion to dismiss (doc.

---

[3] *See* United States v. Royal Exchange Assurance, 231 F. Supp. 650, 651 (N.D. Miss. 1964) (allowing the mortgagee to maintain a cause of action against the insurance company "for its individual interest independently of the owners of the property").

[4] *See* McMahon v. Manufacturers Casualty Insurance Company, 80 So. 2d 405, 405-06 (La. 1955) (denying the insurance company's motion to dismiss for failure to join the mortgagee as an indispensable party).

5

15) for failure to state a claim is hereby **DENIED**.  The court will refrain from ruling on Markel's motion to dismiss for failure to join an indispensable party, and the parties are ordered to brief the aforementioned issues under Rule 19 within twenty (20) days. Markel's motion for judgment on the pleadings is also **DENIED**.

Baton Rouge, Louisiana, <u>November 28, 2007</u>.

JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA