UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARKEL AMERICAN INS. CO.

VERSUS

STURGON L. COCKRELL

CIVIL ACTION

NO. 06-603-JJB-DLD

**RULING ON MOTION TO DISMISS COUNTERCLAIM**

This matter is before the court on Markel American Insurance Company's Motion to Dismiss (doc. 15) the Defendant's Counterclaim on various grounds. This court has previously denied Markel's motion to dismiss for failure to state a claim (doc. 23), and the only issue remaining before the court is whether to dismiss the Defendant's counterclaim for failure to join an indispensable party. Pursuant to a court order, the parties have filed supplemental briefs (docs. 24 and 25) on the issue of joinder. Oral argument is not necessary on this issue. Jurisdiction exists pursuant to 28 U.S.C. § 1331.

**Procedural Background**

The Plaintiff, Markel American Insurance Company (hereinafter "Markel") issued a Watercraft Insurance Policy to the Defendant for a recreational vessel. On the policy's declarations page, Cockrell listed Key Bank as a lienholder, and any funds paid under the policy would be paid to Cockrell and Key Bank "as their

1

interests appear." Although Markel did not name Key Bank as a party in its initial declaratory judgment action, Markel now argues that Cockrell's counterclaim for damages should be dismissed for failure to join Key Bank as an indispensable party. Cockrell opposes this motion because neither Markel nor Key Bank are impaired by the lienholder's absence.

## Motion to Dismiss for Failure to Join a Party Under Rule 19

### A.     Legal Standard

Pursuant to Rule 19, a party shall be joined if the person's absence makes complete relief between the existing parties improbable, impairs the absent person's interest, or leaves the current parties subject to a substantial risk of multiple suits. Fed. Rule Civ. Pro. 19(a). The purpose of this rule is to "protect the interests of absent persons as well as those already before the court." Wright, Miller, and Kane, FEDERAL PRACTICE AND PROCEDURE § 1602. Whether a party is "indispensable. . . can only be determined in the context of particular litigation." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968).

### B.     Choice of Law

In federal diversity cases, the court must apply the conflicts of law rules that

would be followed by the state in which the court sits. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941). Under Louisiana's approach to choice of laws, Louisiana courts apply the "law of the state whose policies would be most seriously impaired if its law were not applied to that issue." La. C.C. art. 3515. This determination is made based on the following factors:

> (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

*Id.* In making this determination, the first question asked by Louisiana courts is whether there is a true or false conflict of interest. *Arceneaux v. Amstar Corp.*, 921 So. 2d 189, 191 (La. App. 4th Cir. 2005). A false conflict exists when only a single state has an interest in the application of its law and the other state involved has no real interest. *Id.*

In this case, both Mississippi and Louisiana have an interest in the application of their state's law. The insurance policy was issued in Mississippi, and as a result, Mississippi has an interest in governing a contract executed according to its laws.[1] Conversely, the accident causing damage to the insured watercraft occurred within Louisiana, which provides Louisiana with an interest in adjudicating tortious conduct within its boundaries. Therefore, a *true* conflict of interest exists.

When a true conflict is present as in the instant action, the court must analyze the policies of each state to determine which state's interest would be most greatly impaired

---

[1] *See* Defendant's Supplemental Memorandum (doc. 25) at 2.

by failing to apply its laws. Pursuant to Louisiana Civil Code Article 3537, the court must consider:

> (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in *Article 3515*, as well as the policies of facilitating the orderly planning of transactions, of promoting multi state commercial intercourse, and of protecting one party from undue imposition by the other.

La. C.C. art. 3537. Mississippi's interest in the adjudication of this action stems from the fact that: (1) the insurance policy in question was issued in Mississippi; (2) the Defendant resides in Mississippi; (3) the insurance premiums were paid in Mississippi; and (4) Markel Insurance Company conducted business in Mississippi by issuing this policy to the Defendant.[2] In contrast, the following contacts with the state of Louisiana are pertinent: (1) the alleged accident took place within Louisiana; (2) the litigation is pending in a Louisiana court; (3) each party has retained counsel licensed in the state of Louisiana; (4) the relevant conduct at issue, including whether the Defendant was intoxicated while driving the boat, took place in Louisiana; and (5) the damaged watercraft itself is stored in Louisiana.[3] Additionally, all of the relevant evidence in this case is located in Louisiana, including: the police report, the police officers who investigated the scene, and the damaged watercraft. Based on these facts and policy considerations, this court finds that Louisiana's interests would be most impaired by failing to apply Louisiana law, and as a

---

[2] *See* Defendant's Supplemental Memorandum (doc. 25) at 1.

[3] Plaintiff's Supplemental Memorandum (doc. 24) at 4.

result, this court will apply Louisiana jurisprudence to this case.

### C.    Loss Payable Clause & Impaired Interests

Joinder of an absent party is required under Rule 19 if disposition of the action without the absentee may impair his ability to protect that interest, or leave persons already parties subject to a substantial risk of incurring multiple or otherwise inconsistent obligations by reason of his claimed interest.  *Broussard v. Columbia Gulf Transmission Co.*, 398 F. 2d 885, 888 (5th Cir. 1968), citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119 (1968).  In this case, Markel Insurance Company argues that it cannot obtain complete relief in the absence of Key Bank, and as a result, Markel may be subject to additional, inconsistent lawsuits by Key Bank.

Key Bank is listed as a mortgagee under a loss payable clause contained in the insurance policy between the Defendant and Markel Insurance.  A clause in an insurance policy making the proceeds, if any, payable to the mortgagee, "as his interest may appear," is generally referred to as an open or ordinary loss payable clause.   *Officer v. American Eagle Fire Ins. Co.*, 143 So. 500, 502 (La. 1932).  Under policies containing such a clause, the contract remains exclusively between the insurer and the property owner.  *McMahon v. Manufacturers Casualty Insurance Company*, 80 So.2d 405, 407 (La. 1955).  The mortgagee is only a conditional appointee of the mortgagor to receive part of the proceeds in case of loss.  *Id.*

For example, in *Brooks v. Liverpool & London & Globe Ins. Co.*, the insurance contract remained exclusively between the insurer and the property owner; thus the

property owner was the proper party to bring suit. *McMahon*, 80 So.2d at 782-83, *citing Brooks*, 144 So. at 789. The loss payable clause did not change the contract between the insurance company and the insured. *Id.* at 782. Similarly, the Defendant's listing of Key Bank in the policy's loss payable clause did not alter the contract between the Defendant and Markel Insurance. The contract and its proceeds remain the property of Defendant, and Key Bank is only a conditional appointee of that contract. As a conditional appointee, Key Bank has no direct rights against the insurer. *Id.* at 784. The mortgagee recovers solely on the right of the mortgagor. *Id.*

As a mortgagor, Key Bank has an interest in receiving timely and adequate mortgage payments from Defendant. However, naming Key Bank in a loss payable clause does not grant Key Bank, a mere appointee of the insurance contract, the right to seek funds independently from Markel Insurance. If the Defendant prevails in this action and is entitled to payment under the policy, Markel will make payments to Key Bank "as its interests appear." Conversely, if the Defendant is excluded from coverage under the policy, no payments will be made to Key Bank. However, even without payments to Key Bank, the bank's interests are not impaired because they lack adequate standing to assert independent rights under the insurance contract. Key Bank's interests are derivative of the Defendant's rights under the insurance contract, and as such, the Defendant's assertion of rights under the policy adequately protects Key Bank's derivative interest and shields Markel Insurance from independent lawsuits by Key Bank. As a result, this court does not

find Key Bank to be an indispensable party under Rule 19, and their absence does not prohibit this matter from proceeding.

Accordingly, Markel Insurance Company's motion to dismiss the counterclaim (doc. 15) for failure to join an indispensable party is hereby **DENIED**.

Baton Rouge, Louisiana, February 4, 2008.

JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA