UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
LA

2009 NOV 17 A 10: 34

MARKET AMERICAN INSURANCE COMPANY

VERSUS

STURGON L. COCKRELL

CIVIL ACTION

NO: 06-CV-603

BY DEPUTY CLERK

## RULING ON MOTION FOR SUMMARY JUDGMENT

Before the court are two Motions for Summary Judgment filed by Defendant (doc. 36) and Plaintiff (doc. 38).  Defendant has also filed a Statement of Material Facts (doc. 37).  Plaintiff has filed an Opposition to the Motion for Summary Judgment (doc. 40-2). In addition, Defendant filed a Memorandum in Opposition (doc. 41) to Plaintiff's motion and Plaintiff filed a corresponding Reply Memorandum (doc. 44). There is no need for oral arguments.

On March 15, 2006, Defendant, Sturgon Cockrell, was issued a Watercraft Insurance Policy for his 38' Cigarette boat by Markel American Insurance Company ("Markel"), which included coverage for loss or damage to the vessel for the total amount of $260,000 with a $13,000 deductible.  On May 6, 2006, Cockrell was driving the boat on the Tickfaw River when he lost control of the boat, at which point all six passengers were ejected and the vessel ran aground in the wooded shoreline.

Defendant brings this motion on the basis that the boating accident should have coverage under his insurance policy, and that Plaintiff should be bound to pay for his total loss and damage to his vessel under the duly signed insurance policy.  This is supported by the assertion that the policy limitation for intoxication is not applicable.

Defendant cites *Garcia v. St. Bernard Parish School Board*, 576 So. 2d 975 (La. 1991)

which states:

> Exclusionary provisions in insurance contracts are strictly construed
> against the insurer, and any ambiguity is construed in favor of the
> insured...Equivocal provisions seeking to narrow the insurer's obligation
> are strictly construed against the insurer, since these are prepared by the
> insurer and the insured has no voice in the preparation...If the language of
> the exclusion is subject to two or more reasonable interpretations, the
> interpretation which favors coverage must be applied.  *Garcia*, 576 So.2d
> at 976.

This policy should be applied to the provision in this case; however, the Court

agrees with Markel in that even with the strictest interpretation against the insurer, the

exclusionary provision here would still exclude coverage.  The exclusionary clause in

*Garcia* was that "the insurance does not apply to bodily injury to any person while

practicing for or participating in any contest or exhibition of an athletic or sports nature

sponsored by the named insured."  The ambiguous nature of this clause was whether

cheerleading on the sideline of a football game was an "exhibition of an athletic or

sports nature."  The athletic nature of cheerleading is the type of ambiguity that the

court was referring to, where one interpretation would result in coverage, and the other

interpretation would not.

In the case before us, the exclusion plainly states that the insurance agency "will

not pay for loss, damage or expenses caused...[w]hen the operator has a blood alcohol

concentration in excess of the legal limit."  An argument could be made that "when the

operator has a blood alcohol concentration in excess of the legal limit" is slightly ambiguous since it does not specify when or where the operator had to be intoxicated for exclusion.  However, when looked at in its entirety, the provision states that the damage has to be *caused when* the operator is that state.  When viewed in this light, it is clear and unambiguous that the operator of a watercraft must have been over the legal limit when the damage occurred in order to be excluded from the insurance policy.  Therefore, the insurance exclusion shall apply in this case if it is found that the Defendant was operating the watercraft while his blood alcohol concentration was in excess of the legal limit.

The next issue would then be determining whether Cockrell was intoxicated at the time of the crash.  Following to the crash, Cockrell was interviewed by Louisiana Department of Wildlife and Fisheries Sergeants Toby Miller and Ronnie Robbins, at which point the agents noticed an odor of alcohol and properly administered a field sobriety test and a breathalyzer test.  Cockrell failed the field sobriety test and approximately one hour after the crash the breathalyzer test found a blood alcohol concentration of 0.179.  The amount of alcohol Cockrell consumed both before and after the crash is in question; however, Plaintiff has filed an expert affidavit claiming that Cockrell's blood alcohol concentration would have still been over the legal limit, whether he drank the amount he claimed after the accident or not.

Defendant objects to Plaintiff's expert, Dr. William George, since he was not originally included in any of Plaintiff's reports.  Instead, Plaintiff had named Joseph E. Mano, Ph.D. as an expert in the Pre-Trial Order on August 3, 2009 and noted that he may have to be replaced due to poor health.  After that time, Mano was replaced by

George, who's affidavit was submitted in support of Plaintiff's Motion for Summary Judgment.  After objection by Defendant, Plaintiff has moved to extend the expert deadline for good cause under Rule 16 of the Federal Rules of Civil Procedure.  The Fifth Circuit has considered four factors to be considered in determining good cause: explanation for failure to submit complete report on time, importance of testimony, potential prejudice in allowing testimony, and availability of continuance to cure such prejudice.  *Reliance Insurance Company v. Louisiana Land and Exploration Company*, 100 F.3d 253 (5th Cir. 1997); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).  Under these four factors, the Court finds that Plaintiff has good cause to modify the schedule and submit Dr. George as an expert.

Defendant then objects to their inability to conduct a *Daubert* inquiry into Dr. George's qualifications and methodology in arriving at his conclusions.  The Court finds that Defendant should not be denied this opportunity, and therefore orders Defendant to submit a *Daubert* analysis of Dr. George to determine whether he should be allowed to testify to his opinions as an expert.

The Court finds that the exclusionary provision of the insurance policy is not ambiguous and should apply to this case.  Additionally, the Court grants Plaintiff's motion to extend expert deadlines.  However, since Defendant has not had a chance to properly perform a *Daubert* analysis, this Motion for Summary Judgment is **DENIED**.

Signed in Baton Rouge, Louisiana, on November 17, 2009.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**